**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0688n.06

No. 12-3114

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Jun 28, 2012*

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,              )
                                       )
    Plaintiff-Appellee,                )
                                       )
                                       )  ON APPEAL FROM THE UNITED
v.                                     )  STATES DISTRICT COURT FOR THE
                                       )  NORTHERN DISTRICT OF OHIO
VERA DEMJANJUK, Executrix of the Estate of  )
John Demjanjuk                         )
                                       )
    Defendant-Appellant.               )


Before: MARTIN and CLAY, Circuit Judges; HOOD, District Judge.[*]

PER CURIAM. John Demjanjuk, the defendant below, appealed the denial of his Federal Rule of Civil Procedure 60 motion to vacate a judgment of denaturalization. On March 17, 2012, while the appeal was pending, John Demjanjuk died. His wife Vera, as the executrix of John Demjanjuk's estate, has been substituted as the appellant. The United States moves to dismiss the appeal as moot based on John Demjanjuk's death. Vera Demjanjuk opposes the motion to dismiss.

An appeal should be dismissed as moot "if an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party…." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (interna quotation marks and citation omitted). The government argues that with the death of John Demjanjuk there is no

---

[*]    The Honorable Joseph M. Hood, Senior United States District Judge of the Eastern District of Kentucky, sitting by designation.

effective relief that can be granted by the Court. Vera Demjanjuk claims that if the denaturalization order is vacated, either the estate or John Demjanjuk's survivors may be entitled to the payment of withheld social security benefits and other entitlements. She also argues that even if there is no longer a live case or controversy concerning John Demjanjuk's denaturalization, the Court retains jurisdiction to address issues of fraud on the court. We disagree, concluding that the case is moot.

The current appeal is meritless, because our Court has already decided that his denaturalization should not be revoked, *United States v. Demjanjuk*, 367 F.3d 623 (6th Cir.), *cert. denied* 543 U.S. 970 (2004), and nothing in Demjanjuk's current appeal warrants relief. Over three decades, we have repeatedly rejected Demjanjuk's challenges to the authenticity of the Trawniki card and fraud on the court. Moreover, the appeal is moot due to Demjanjuk's death—despite his family's arguments that the Social Security benefits issue keeps the case alive. The Social Security Administration (SSA) terminated its payments to Demjanjuk because he was removed from the country, and the SSA is not authorized to recommence payments until he is lawfully admitted to the country as a permanent resident. *See* 42 U.S.C. § 402(n); 20 C.F.R. § 404.464(a). Demjanjuk's death obviously forecloses that possibility. In any event, an award of benefits would be repaid to Demjanjuk's family members in their personal capacities, but those family members are not party to this appeal. *See* 42 U.S.C. § 404(d); 20 C.F.R. § 404.503(b). His wife Vera is a party to the appeal only in her position as executrix of Demjanjuk's estate, but Demjanjuk's estate does not have standing to challenge the issue of benefits to the family members. *See id.* Finally, Vera's arguments with respect to the "capable of repetition, yet evading review" doctrine are completely frivolous.

Accordingly, the motion to dismiss the appeal as moot is **GRANTED.**